## Mercer County Housing Authority v. Modany Brothers

*Irwin & Perfilio,* for plaintiff.

*Cusick, Madden, Joyce, Acker & McKay* and *Henry Ekker,* for defendant.

STRANAHAN, J., May 25, 1966.—This matter is before the court on preliminary objections filed by defendant in which defendant has made a motion for a

more specific pleading and has demurred to plaintiff's complaint. Plaintiff has commenced a suit in assumpsit in which it alleges that a contract was entered into between the Mercer County Housing Authority and Modany Brothers, the contractor, for construction of dwelling units in Sharon to be known as A. W. McDowell Manor.

It is further alleged that in conjunction with the contract a performance and material and labor bond was executed by Modany Brothers as principal and by the American Casulty Company as surety. A copy of the bond is attached to the complaint and made an exhibit. The bond provides that anyone furnishing material or labor contracted for as subcontractors or otherwise and who have not been paid shall have the right to bring a suit in assumpsit on the bond in the name of Mercer County Housing Authority for the use of said supplier and against both principal and surety. The complaint alleges that Modany Brothers employed DeBonis Brothers as subcontractors for certain concrete work. DeBonis Brothers purchased certain materials from plaintiff, which materials were delivered to the construction site and have a total value of $1,218.75. Plaintiff, Electric Welding Company, has been refused payment, and, therefore, this suit was commenced.

The bond, which has been attached as an exhibit, provides, among other things, as follows:

"Suit and recovery by any such person, co-partnership, association or corporation hereinunder shall be subject to the provisions of Section 10 of the Act of the General Assembly, approved July 5, 1947, P. L. 1217, as amended, to the same extent as if said provision were fully incorporated in his bond".

The pertinent provisions of section 10 of said act, which is commonly known as the State Public School Building Authority Act of July 5, 1947, P. L. 1217,

as amended, and is found in 24 PS §791.10, provide as follows:

"No contract shall be entered into for construction or improvement of any project or portion thereof, or for the purchase of materials, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract, and such contract shall be accompanied by an additional bond for the protection of those who furnish labor and material, *for such amount and subject to the same terms and conditions as recommended by The Administrative Code of one thousand nine hundred twenty-nine, as amended, on contracts entered into by the Department of Property and Supplies for the erection of buildings. All construction contracts* shall provide, among other things, that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered, for the performance of the contract, *and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking* as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued. Nothing in this section shall be construed to limit the power of the Authority to construct any project or portion thereof or any addition, betterment or extension thereto, directly by the officers, agents and employes of the Authority, or otherwise than by contract". (Italics supplied.)

Defendant contends that the above-quoted statutory provisions contain a limitation of action which requires plaintiff to commence his suit within one year after the time the cause of action accrued. Defendant raises the limitation of action by way of a preliminary objec-

tion, since it appears from plaintiff's complaint that suit was brought on at least a portion of the claim more than one year after the cause of action accrued.

The question involved in this demurrer is whether the above-quoted section creates a one-year limitation on action or whether a suit on the bond is governed by the terms and conditions as recommended by The Administrative Code of April 9, 1929, P. L. 177, as amended.

In State Public School Authority v. National Union Fire Insurance Company, 26 Fayette 28, the identical question was raised. The court ruled in that case that the one-year limitation of action affects only suits upon the construction contract and the parties thereto. The action between the subcontractor and the surety on the bond itself is governed by the provisions of The Administrative Code. Under the terms of The Administrative Code, 71 PS §638h, there is no limitation of action.

We are inclined to agree with the reasoning set forth in that case, since we feel that the one-year limitation of action applies only to a suit on the construction contract. This suit is not brought on the construction contract, but rather is a suit by a subcontractor against Modany Brothers, the principal, and American Casualty Company, the surety, brought on the bond itself which permits by its terms a suit in assumpsit to be brought by a subcontractor who has furnished material.

We, therefore, hold that the one-year limitation of action set forth in section 10 of the State Public School Building Authority Act is not applicable in the present case and the demurrer must be overruled.

The motion for a more specific pleading results from the fact that it is alleged in plaintiff's complaint that a portion of the material was delivered on April 30, 1963, and the balance on July 1, 1963. If we had sus-

tained defendant's demurrer, then the amount owed as a result of each delivery might become of some importance, since possibly a portion of the goods delivered would have taken place more than a year prior to the commencement of the action. Since we have ruled that the one-year limitation of action does not apply, the date of delivery of the various materials becomes unimportant, and defendant would have the right through the normal discovery pleadings to determine these dates. We, therefore, believe that there is no need for a more specific complaint and overrule the motion for a more specific pleading.

ORDER

And now, May 25, 1966, the preliminary objections of defendant are overruled and defendant is given 20 days from the date of this order to file an answer.